[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT (DATED AUGUST 13, 2001)
CT Page 3040
The marriage of the parties was dissolved on May 13, 1997. The judgment of dissolution incorporated by reference their Separation Agreement.
Pursuant to the agreement, they shared equally the custody of their two minor children. The defendant was required to pay the plaintiff $1,250.00 per month per child as child support.
In September, 2001 the parties' minor child, Adrienne began to attend a different school and started to reside with the defendant. Prior thereto, in August, 2000, the parties' older daughter, Justine began to attend a boarding school in Vermont.
The defendant has filed the present motion seeking modification of the existing child support order due to the changed living accommodations of the children, the additional expenses of the defendant in reference thereto, and, in addition, a substantial reduction in his income.
The defendant has sustained his burden of proof. There has been a substantial change of circumstances since the original order of child support was entered.
The defendant's net income has decreased from approximately $100,000 per year to $53,000 per year. He has undertaken the obligation of paying significant amounts for the boarding school expenses of his older daughter, and his younger daughter now lives with him full time.
The plaintiff has skills as a secretary and has an earning capacity of at least $20,000/yr.
The defendant's motion is granted, retroactive to September 1, 2001. The defendants obligation to pay child support is terminated.
From September 1, 2001, in accordance with the Connecticut Child Support Guidelines, the plaintiff's obligation to pay child support to the defendant is the amount of $168 per week or $722 per month.
Payment of this presumptive support obligation by the plaintiff would be inequitable in this case. A deviation from the guidelines is appropriate because of extraordinary parental expenses. They are significant visitation expenses of the plaintiff and the expenses involved in maintaining living accommodations for the children when they visit the plaintiff. CT Page 3041
Therefore, retroactive to September 1, 2001, the plaintiff's obligation to pay child support to the defendant shall be $1 per year, per child until further order of the court.
Arrearages
For the period prior to September 1, 2001, the court finds that the defendant owes an arrearage of $8,300 for child support. Against this amount, credit shall be given the sum of $3,000 paid by the defendant for child support from September 1, 2001 to date. This leaves a balance of $5,300.
Payment of the arrearages in accordance with the child support guidelines would be inequitable. A deviation from the guidelines is appropriate. The defendant has extraordinary educational expenses for his older daughter. Also, he is solely paying for all medical expenses for both his children as well as totally supporting them.
Therefore, the defendant shall make no payments on the arrearages due until further order of the court. When the plaintiff obtains full time employment, and if the defendant elects to request child support contributions from the plaintiff, the issue of payments by the defendant on the arrearages due shall be addressed.
Judgment may enter accordingly.
NOVACK, J.T.R.